UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE

One White 2016 Chevrolet Express
G2500 Van, VIN:
1GAWGFFG0G1236075; and
One White 2017 Chevrolet Express
G3500 Van, VIN:
1GAZGPFF1H1209799.

Misc. No.:

**Stipulation and Order Extending United States' Time to File
Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Zhi Bin Dong, Xiu Zhu Wang and Li Xing Dong ("the Claimants"), by and through their attorney, William W. Swor, Esq., as follows:

1. On March 23, 2022, U.S. Customs and Border Protection ("CBP") seized the following property:

    a) One White 2016 Chevrolet Express G2500 Van, VIN:

       1GAWGFFG0G1236075; and

    b) One White 2017 Chevrolet Express G3500 Van, VIN:

       1GAZGPFF1H1209799.

   (referred to herein as the "Property").

2. The Parties acknowledge and stipulate that CBP provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Zhi Bin Dong, Xiu Zhu Wang, and Li Xing Dong.

3. Zhi Bin Dong, Xiu Zhu Wang and Li Xing Dong filed claims in the administrative forfeiture proceeding with CBP regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. CBP referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

(a) file a complaint for forfeiture against the claimed property,

(b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **August 21, 2022**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by

agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7. Zhi Bin Dong, Xiu Zhu Wang and Li Xing Dong knowingly, intelligently, and voluntarily give up any rights they may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **August 21, 2022**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **30 days** from **August 21, 2022** to and including **September 20, 2022**.

9. Zhi Bin Dong, Xiu Zhu Wang and Li Xing Dong waive all constitutional and statutory challenges related to the foregoing extension and give up any rights they may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Zhi Bin Dong, Xiu Zhu Wang, and Li Xing Dong further waive and agree to the tolling of any rule or provision of

law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Zhi Bin Dong, Xiu Zhu Wang and Li Xing Dong agree that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **September 20, 2022**, whichever occurs first, the Property shall remain in the custody of the United States and Zhi Bin Dong, Xiu Zhu Wang and Li Xing Dong shall not seek its return for any reason in any manner.

11. By signing below, William W. Swor, Esq. declares that prior to signing this Stipulation, he provided a copy of it to the Claimants, reviewed it with the Claimants, consulted with the Claimants regarding its contents, answered any questions the Claimants had about it, determined that the Claimants understand its terms and are aware of their rights in this matter, and the Claimants authorized William W. Swor, Esq. to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/Adriana Dydell | S/ William W. Swor (with consent) |
| Adriana Dydell (CA 239516) | William W. Swor, Esq. |
| Assistant United States Attorney | Attorney for Zhi Bin Dong, Xiu Zhu |
| 211 W. Fort Street, Suite 2001 | Wang and Li Xing Dong |
| Detroit, MI 48226 | 500 Griswold Street |
| (313) 226-9125 | 2450 Guardian Building |
| Adriana.Dydell@usdoj.gov | Detroit, MI 48226 |
| | (313) 967-0200 |
| Dated: August 17, 2022 | wwswor@wwnet.net |
| | Dated:  August 17, 2022 |

**IT IS SO ORDERED.**

Date:  August 18, 2022      s/Paul D. Borman
                            UNITED STATES DISTRICT JUDGE